# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> OSAMA ABDEL AZIZ ABU SHAWISH, <br><br> Defendant. | Case No. 03-CR-211-5-JPS <br><br><br> **ORDER** |

Before the Court is Defendant Osama Abdel Aziz Abu-Shawish's ("Abu-Shawish") motion to dismiss this action and quash the warrant for his arrest in connection with this matter. (Docket #308). For the reasons stated below, the Court must deny the motion.

In November 2004, a federal grand jury in the Eastern District of Wisconsin returned a six-count fourth superseding indictment in this matter.[1] Count One charges Abu-Shawish and several members of his family with conspiracy to commit offenses against or defraud the United States, in violation of 18 U.S.C. § 371. (Docket #198 at 7–10). Count Five charges Abu-Shawish and a co-conspirator with visa fraud, in violation of 18 U.S.C. § 1546(a). *Id.* at 14. He has never been arrested in connection with this action and, as a result, the indictment remains pending.

There had been no appearance or communication from Abu-Shawish until March 8, 2016, when the Court received a motion which was

---

[1]There actually were two fourth superseding indictments in this case, labeled "A" and "B." *See* (Docket #216 at 1). Indictment B is the indictment at issue here; Indictment A was directed solely at one of Abu-Shawish's co-defendants. *See id.* The confusion in labeling is immaterial to the present motion.

purportedly authored by him. (Docket #308). The motion requests an order dismissing the charges against him in this case, vacating the arrest warrant, and removing his name from Interpol's fugitive/wanted list. *Id.* at 1. Abu-Shawish generally alleges a conspiracy by law enforcement to investigate Muslims or persons of Arabic descent, including himself and his family. *See id.* at 2. He also claims, incorrectly, that the charges against him have been dismissed. *Id.* at 3. In fact, the charges against his co-defendant, Mhammad Abu-Shawish, have been dismissed after reversal of his conviction before the Court of Appeals, *see* (Docket #299), and the charges pending in the prior indictments have also been dismissed, *see* (Docket #219). Yet the charges in the fourth superseding indictment remain pending as to Osama Abu-Shawish.

Abu-Shawish alleges that he is a resident of Amman, the capital of Jordan. (Docket #308 at 3). He was residing there at the time the charges were filed against him in this case, *see id.*, and the fourth superseding indictment appears to allege that his involvement in the criminal conspiracy occurred entirely in Jordan, *see* (Docket #198 at 4). He asserts that at some point he was ordered by Interpol to appear in court there for an extradition proceeding in connection with this case. *Id.* The Jordanian court apparently found that he could not be extradited and released him. *Id.* Nevertheless, the charges against him in this country remain pending and, according to him, he remains on the Interpol wanted list. *Id.* His argument for dismissal appears to rest on notion that the case against him in this District has already been dismissed and, therefore, that the arrest warrant should be quashed. *See id.* Alternatively, he may be claiming that because the Jordanian authorities apparently found insufficient evidence to extradite him, the indictment should be dismissed. *See id.*

The government opposes Abu-Shawish's request. (Docket #310). The government, relying on the fugitive disentitlement doctrine, *see Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970), contends that because he has never appeared and submitted to the jurisdiction of the United States, he cannot obtain relief from one of its courts. (Docket #310 at 2). The government believes that either this member of the Abu-Shawish family, or someone else acting on his behalf, is attempting to mislead the Court into believing that there are no pending charges against him in order to pave the way for his international travel. *Id.* at 2–3.

The Court concludes that Abu-Shawish's motion must be denied, but not for the reason advanced by the government. *In re Hijazi*, 589 F.3d 401, 412 (7th Cir. 2009), dictates that a defendant who has never set foot in the United States and has not avoided extradition proceedings cannot properly be considered a "fugitive" for purposes of the fugitive disentitlement doctrine because he has not actually fled from justice. Abu-Shawish fits the bill of the fugitive even less than the individual in *Hijazi*, for that man had at least visited this country once before. *Id.* Here, by contrast, there is no evidence that Abu-Shawish has ever entered the United States, and the fourth superseding indictment suggests that he carried out his part in these crimes from his home in Jordan. Less apt still is *United States v. Bokhari*, 757 F.3d 664, 672 (7th Cir. 2014), also cited by the government, in which the defendant had lived in the United States for over a decade and had engaged in some of the relevant criminal conduct here before moving abroad. Thus, the Court is not convinced, based on the record before it, that Abu-Shawish qualifies as a fugitive for purposes of applying the fugitive disentitlement doctrine.

The Court need not decide the issue conclusively, for Abu-Shawish's motion must be denied in any event. His motion totals three pages in length

and cites no law or authority for the relief sought. At best, the motion insinuates that the charges against Abu-Shawish are the result of a reactionary backlash in light of the September 11, 2001 terrorist attacks, but he provides no more than speculation to support this argument, and he does not connect the allegation to any legal ground supporting dismissal. Further, he is simply incorrect in his belief that the charges against him have been dismissed. Finally, to the extent Abu-Shawish believes that the indictment must be dismissed out of concern for international comity—*i.e.*, respecting the Jordanian court's refusal to extradite him—the Seventh Circuit does not readily entertain such arguments. *Bokhari*, 757 F.3d at 673 (denial of extradition has no preclusive effect against an American grand jury issuing an indictment); *see also United States v. Kashamu*, 656 F.3d 679, 688 (7th Cir. 2011). Because of these fatal infirmities in Abu-Shawish's motion, like the Court of Appeals in *Bokhari*, the Court can deny the motion without deciding the fugitive disentitlement question. *Bokhari*, 757 F.3d at 672–73.

Accordingly,

**IT IS ORDERED** that Defendant Osama Abdel Aziz Abu-Shawish's motion to dismiss and to quash his arrest warrant (Docket #308) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant's motion to expedite resolution of his pending motion (Docket #309) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2017.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge